UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 04-CR-0157-CVE |
| LAWRENCE SAMUELS, JR., | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Now before the Court are defendant's Motion for Writ of Error Coram Nobis (Dkt. # 97) and Motion for Appointment of Counsel on Writ of Error (Dkt. # 98). Defendant claims he was convicted, in part, based on evidence provided by Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Agent Brandon McFadden, and McFadden has since admitted to providing false evidence in criminal cases. Defendant asks the Court to appoint counsel to represent him in this matter, and vacate his judgment and conviction. Dkt. # 97, at 4.

On October 5, 2004, the grand jury returned an indictment charging defendant with possession of cocaine base (crack) with intent to distribute under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Dkt. # 1. He changed his plea to guilty and was sentenced to 210 months in prison. Dkt. # 61. Defendant's conviction and sentence were affirmed by the Tenth Circuit Court of Appeals. Dkt. # 80. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 asserting that his attorney advised him to change his plea based on an inaccurate estimate of his potential sentence. Dkt. ## 86, 87. The Court denied defendant's § 2255 motion. Dkt. # 95. In April 2010, McFadden was charged with, inter alia, distributing illegal drugs and using his position as an ATF agent to further these crimes. Defendant claims that McFadden and two Tulsa Police Department officers planted illegal drugs in his vehicle and he is innocent of the crime to which he

pled guilty. Dkt. # 97, at 3. He asks the Court to vacate his conviction and sentence, because his conviction was obtained with false or misleading evidence. Id. at 4.

Before the Court can review the merits of defendant's argument, he must show that he is authorized to bring his claim under the All Writs Act. The issuance of a writ of error coram nobis is authorized by 28 U.S.C. § 1651(a), which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, common law writs, such as the writ of error coram nobis, are an extraordinary remedy which are allowed under compelling circumstances only. United States v. Morgan, 346 U.S. 502 (1954) ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice."). As an extraordinary remedy, relief under the All Writs Act is available only when § 2255 motions or other forms of relief are not available. Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967); Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960); see also Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable-generally when the petitioner has served his sentence completely and thus is not longer 'in custody' as required for § 2255 relief." Blanton v. United States, 94 F.3d 227, 231 (6th Cir. 1996).

Defendant's motion for a writ of error coram nobis (Dkt. # 97) should be denied. The writ of error coram nobis is not the appropriate avenue for relief when asking a federal court to vacate or set aside a criminal conviction that the defendant is currently serving. United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). Instead, defendant must seek relief under § 2255. Defendant

2

filed a § 2255 motion, but he did not raise any claims concerning false testimony or evidence or allege that he was actually innocent of the crime to which he pled guilty. A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission to file a second or successive § 2255 from the Tenth Circuit Court of Appeals. See 28 U.S.C. § 2255(h); Torres, 282 F.3d at 1246. Defendant expressly asks the Court to issue a writ of error coram nobis and he does not request permission to file a second or successive § 2255 motion, and the Court declines to characterize his motion as a request to file a second or successive § 2255 motion. Because defendant has no basis to seek a writ of error coram nobis, defendant's motion for appointment of counsel in connection with this motion is also denied.

**IT IS THEREFORE ORDERED** that defendant's Motion for Writ of Error Coram Nobis (Dkt. # 97) is **denied,** and defendant's Motion for Appointment of Counsel on Writ of Error (Dkt. # 98) is **denied**.

**DATED** this 1st day of September, 2010.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE