# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 04-CR-0157-CVE |
|  | ) (16-CV-0403-CVE-PJC) |
| LAWRENCE SAMUELS, JR., | ) |
| a/k/a Michael Douglas Lewis, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are defendant's Abridged Motion to Vacate, Set Aside Criminal Conviction and Sentence pursuant to 28 U.S.C. Section 2255 (Dkt. # 127) and plaintiff's Motion to Dismiss Defendant's Successive § 2255 Motion (Dkt. # 131). Defendant claims that he is entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Plaintiff asks the Court to dismiss defendant's § 2255 motion, because the motion (Dkt. # 127) is a second or successive § 2255 motion and the Court lacks jurisdiction over defendant's motion. Dkt. # 131.

On October 5, 2014, a grand jury returned an indictment charging defendant with possession of at least 5 grams of cocaine base (crack) with intent to distribute. Dkt. # 1. Plaintiff filed an enhancement information (Dkt. # 11) stating that defendant had four prior convictions for felony drug offenses, and plaintiff was seeking to enhance defendant's sentence under 21 U.S.C. § 841(b)(1)(B). However, the parties entered a plea agreement and plaintiff agreed to dismiss the enhancement information as part of the parties' agreement. See Dkt. # 39 (motion to dismiss enhancement information). Defendant entered a guilty plea to the charge in the indictment, and he was sentenced to 210 months imprisonment. Dkt. # 61. Defendant filed a direct appeal challenging

his conviction, and his appeal was denied. Dkt. # 80. Defendant's conviction became final when his petition for a writ of certiorari was denied by the United States Supreme Court on December 10, 2007. Dkt. # 82.

Defendant filed a motion to vacate, set aside, or correct sentence (Dkt. # 86), and he alleged that it was ineffective assistance of counsel for his attorney to advise him to plead guilty. The Court denied defendant's § 2255 motion. Dkt. # 95. Defendant has filed a second § 2255 motion seeking relief under Johnson. In Johnson, the Supreme Court found that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA) was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2556-57. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[1] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255 (f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). Defendant's motion (Dkt. # 127) was docketed by the Court Clerk on June 27, 2016, and plaintiff does not dispute that the motion was timely filed.

---

[1] When calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

2

Plaintiff asks the Court to dismiss defendant's motion (Dkt. # 127) as an unauthorized second or successive § 2255 motion. Defendant previously filed a motion to vacate, set aside, or correct sentence under § 2255 (Dkt. # 86) and, under § 2255(h), he must obtain authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion. Although Johnson applies retroactively to cases on collateral review, defendant must still obtain authorization from the Tenth Circuit to file a second or successive § 2255 motion, and he failed to obtain the required authorization before filing a second § 2255 motion in this Court. The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The Court has reviewed defendant's motion (Dkt. # 127) and finds that he has not alleged a colorable claim for relief under Johnson. Defendant was convicted of a drug offense and he was not sentenced under the ACCA. Defendant argues that his sentence was enhanced under the career offender provision of the United States Sentencing Guidelines (USSG), but the Supreme Court has determined that the USSG are not susceptible to a void-for-vagueness challenge under the Due Process Clause of the Fifth Amendment. Beckles v. United States, 137 S. Ct. 886 (2017). Even if the reasoning of Johnson applied to the USSG, plaintiff notes that the predicate offenses used to enhance defendant's sentence were felony drug offenses, and the residual clause of the definition of "crime of violence" in the USSG was not used to enhance defendant's sentence. Dkt. # 131, at 4. Plaintiff's motion to dismiss should be granted, and the Court declines to transfer defendant's motion to the Tenth Circuit.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Dismiss Defendant's Successive § 2255 Motion (Dkt. # 131) is **granted**, and defendant's Abridged Motion to Vacate, Set Aside Criminal Conviction and Sentence pursuant to 28 U.S.C. Section 2255 (Dkt. # 127) is **dismissed** for lack of subject matter jurisdiction. A separate judgment is entered herewith.

**DATED** this 2nd day of May, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE